[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This matter involves a dispute between a boxer, the defendant Angel Ramon Vasquez, and his former manager, the plaintiff Calandro Management. The plaintiff managed Vasquez' career from his professional debut in June 1994 to December 1997 during which time Mr. Vasquez, a CT Page 12406 featherweight, fought and won thirteen fights and held the USBA, and other titles.
On January 31, 1997, the parties entered into a written eleven month contract expiring on November 4, 1997 but also providing for two one year renewals. This action was brought after the defendant breached this contract by allegedly refusing to fight future fights and by signing with Charles Muniz, another manager.[1] The plaintiff exercised the first renewal provision on November 1, 1997 for the period November 4, 1997 to November 4, 1998 and through Angelo Giammarco, its operating manager, testified that it surely would have exercised the second extension for the following one year period had the defendant not breached the contract. The plaintiff also claims that due to the refusal to train, the renewal periods were further extended and did not actually commence until October 31, 1998, the date of the defendant's first fight after leaving the plaintiff.
This matter was heard on the hearing in damages docket in November, 1999, as the plaintiff had scored a technical knock out when default entered against the defendant for failure to appear at a scheduled pretrial. This court rendered a decision on December 14, 1999 and both parties sought further review with this court. On July 27, 2000, this court ordered that the hearing be opened to receive further evidence on damages. On September 21, 2000, the parties presented that evidence and gave their closing arguments.
 II
Even though this matter came before the court on the hearing in damages docket and issues of liability were not in dispute, this court's findings on damages must certainly be based on the evidence presented by the parties. As the plaintiff provided no evidence on either the time period that the defendant allegedly refused to train or the exercise of any second renewal, this court finds that the contract was renewed for only a one year period. Moreover, this court finds that the one year renewal is only extended in conformance with the allegations of the pleadings which indicate that the defendant refused to train from December 18, 1997 through February 12, 1998; to extend it any further would require this court engage in speculation. Accordingly, the first one year renewal runs an additional eight weeks.
According to the affidavit filed with this court, the defendant had only two fights in the first renewal; one was on December 18, 1997 in Connecticut against Bernardo Quinones with a purse of $12,000.00 and the second was on October 31, 1998 in New Jersey against Edgar Garcia with a purse of $50,000.00. His next fight was not until March 27, 1999 in CT Page 12407 England against Ubaldo Hernandez and thus outside the renewal period. As the defendant's purse totaled $62,000.00, the plaintiff's share would be one-third or $20,646.00. The evidence indicates that the plaintiff has in fact received its share of the Quinones' purse and is therefore only entitled to $16,666.00. Subtracted from this amount, however, would be the annual contract salary of $300.00 per week which this court finds, by admission of the defendant, to be $13,200.00.[2] Thus the total due the plaintiff would be $3,466.00. As noted there was no evidence about the exercise of a second renewal, this court makes no monetary finding on this issue.[3]
The plaintiff has claimed that the defendant should pay it monetary damages for fights that did not exist and for purses he did not receive. This court rejects such claims. The issue of the validity of this or any other contract — and there have been many — to which the defendant was a party, is not before this court. Suffice it to say, as a result of the default, the plaintiff is entitled to certain contractual damages of thirty-three and one-third percent of the gross proceeds of all boxing contests. Simply because the defendant might have been able to obtain a larger purse does not mean that he would have or that he should pay the plaintiff based upon some theoretical amount.
Finally, the plaintiff testified that the contract granted it certain endorsement rights and that the breach cost it its fee of thirty-three and one-third percent of the yearly $12,000 received or $4000.
This court finds that the plaintiff has proved damages of $7466. Judgment may enter accordingly.
Berger, J.